UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK WEMER, | ) |
|         Petitioner, | ) |
| vs. | ) No. 1:16-cv-01868-WTL-DKL |
| KATHY ALVEY,[1] | ) |
|         Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Frank Wemer for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WCC 14-06-0872. For the reasons explained in this Entry, Wemer's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445,

---

[1] Kathy Alvey, Wemer's current custodian, is substituted as the proper respondent in this action.

454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On June 30, 2014, Internal Affairs Supervisor Whelan issued a Report of Conduct charging Wemer with violating a state law (gang activity) in violation of Class A-100. The Report of Conduct states:

> On 4/23/2014 there was an assault on offender Taulbee, 903125. After reviewing the camera at exactly 8:38:10 pm offender Wemer, Frank 119650 was seen running full speed and tackling offender Taulbee from behind as four other inmates were assaulting offender Taulbee. After Wemer tackled Taulbee the other four inmates continued to collectively hit him while on the ground, until offender Taulbee was able to get away from the aggressors. There is zero tolerance for STG gang Activity, and this behavior is against state law.

Wemer was notified of the charge on July 3, 2014, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Wemer did not request any witnesses and requested the video and photos for evidence.

The Hearing Officer conducted a disciplinary hearing on July 24, 2014. The Hearing Officer noted Wemer's statement, "There was 3 pictures. Some people got into it. I'm not telling on no body. I made sure nothing happened to him. I didn't touch him or nothing. It was 5 black people and 1 white dude. I was horseplaying with the dude but then it turned into them fighting. I'm accepting what I did. I did not jump no body. I tackled him horseplaying with him. I did try to get them off the man." Relying on the Conduct Report, offender statement, and the IA Investigation Report, the Hearing Officer determined that Wemer had violated Code A-100. The Hearing Officer imposed the sanction because of the seriousness, frequency, and nature of the offense, the offender's attitude and demeanor during the hearing, the degree to which the

violation disrupted or endangered the security of the facility, and the likelihood of the sanction having a corrective effect of the offender's future behavior.

Wemer's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

Wemer challenges the disciplinary action against him arguing that the procedure for identifying him as a Security Threat Group ("STG") member was not followed, that the Hearing Report was completed improperly, and that the evidence against him was insufficient. The respondent contends that because Wemer did not raise the first two grounds in his administrative appeals, those arguments are procedurally defaulted and that the evidence against Wemer was sufficient.

#### 1. Procedural Default

Wemer contends that Indiana Department of Correction ("IDOC") policy governing identification of STG members was not followed, that he is not and never has been officially identified by IDOC as an STG member, and that the Hearing Report was not filled out properly. The respondent argues that because he did not present these challenges in his internal appeals, they are procedurally defaulted.

To obtain review of a claim for habeas relief, a prisoner must first exhaust his state administrative remedies. *Markham v. Clark*, 978 F.2d 993, 995–96 (7th Cir. 1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner present each claim he seeks to raise in his habeas petition at each level of the administrative appeals process. *Markham*, 978 F.2d at 995-96; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The prisoner must provide sufficient information to put a reasonable prison official on notice as to the nature of his claim,

so that the prison officials are afforded an opportunity to correct any problems. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Failure to exhaust a claim results in a procedural default that bars federal habeas relief. *Id.* at 981-82. It is undisputed that Wemer did not raise these issues in his internal appeals. These challenges to his disciplinary proceeding in his appeals are thus now defaulted.

### 2. Sufficiency of the Evidence

Wemer also challenges the sufficiency of the evidence against him. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

Here, Wemer was found guilty of violating Indiana Code Section 35-45-9-3, which criminalizes actively participating in a criminal gang. The evidence against Wemer included the Report of Conduct stating that Wemer was observed running and tackling an inmate while others assaulted the inmate, Wemer's statement that he "tackled him horseplaying with him," and the IA investigation. This is sufficient evidence to conclude that Wemer was participating in gang activity in violation of state law. Whether or not Wemer is officially labelled as an STG member by the IDOC, he can still be found to have participated in gang activity. Thus, this label does not alter the sufficiency of the evidence analysis.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wemer to the relief he seeks. Accordingly, Wemer's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/22/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

FRANK  WEMER
119650
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514

Electronically registered counsel via electronic notification